## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET BLACKWELL,** <br> **PLAINTIFF.** | *  **CIVIL ACTION NO.:** <br> * <br> *  **JUDGE:** |
| **VERSUS** | * <br> * <br> * |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,** <br> **DEFENDANT.** | *  **MAGISTRATE JUDGE:** <br> * <br> * |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Margaret Blackwell, who respectfully submits  submit this Complaint for Damages against Defendant, Foremost Insurance Company Grand Rapids, Michigan, and further respectfully avers  aver as follows:

### PARTIES

**1.**

Plaintiff, Margaret Blackwell, is a person of the full age of majority and resident of Livingston Parish, Louisiana.

**2.**

Made Defendant is Foremost Insurance Company Grand Rapids, Michigan (hereinafter "Defendant"), a foreign insurer, is an insurance company incorporated in Michigan, which can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

1

## VENUE AND JURISDICTION

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. § 1332(a), because the matter in controversy exceeds $75,000.00, and because Plaintiff and Foremost Insurance Company Grand Rapids, Michigan are citizens of different states. Plaintiff is a resident of are residents of Louisiana. Defendant, Foremost Insurance Company Grand Rapids, Michigan, is organized in Michigan. The unpaid losses due under Defendant's insurance policy issued to Plaintiff exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses in addition to those unpaid losses pursuant to La. Rev. Stat. Ann. § 22:1892 and La. Rev. Stat. Ann. § 22:1973.

**4.**

Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District, and the property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Plaintiff owned the Property located at the following 29961 Dubois Road, Holden, LA 70744-4817 (hereinafter referred to as "Insured Property").

**6.**

At all times relevant hereto, Defendant provided Plaintiff a policy of insurance bearing policy number 5003982750-1 (hereafter the "Policy") which covered the Insured Property against loss and damage caused by, among other perils, wind, hail, and water. The policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

**7.**

On August 29, 2021, Hurricane Ida made landfall in Port Fourchon, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour. After making landfall, Hurricane Ida traveled north and passed over the New Orleans, Louisiana metropolitan area.

**8.**

Devastating winds, wind-driven rain, and a life-threatening storm surge caused unimaginable damage as Hurricane Ida passed through Southwest Louisiana.

**9.**

The Insured Property sustained damage to the roofing and exterior structures of the buildings as a result of Hurricane Ida. In addition, water infiltrated the structures causing damages to the interiors.

**10.**

Hurricane Ida caused substantial amounts of damage to the exterior, interior, and roof of the Insured Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the dwelling, as well as to the other structures on the property.

**11.**

In compliance with the policy, Plaintiff timely provided notice of the loss events to Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**12.**

Upon notification of the loss events, Defendant performed an initial inspection of the loss and damage to the Insured Property.

**13.**

Plaintiff , in compliance with the terms of the policy, cooperated with Defendant and its consultants and made the Insured Property available for inspection. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Property.

**14.**

The payments made by Defendant to date are inadequate to cover the cost of repairs caused by Hurricane Ida. As a result of Defendant's delays and failure to pay the amounts due under the policy, Plaintiff has   have had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**15.**

Defendant failed to pay the amount due to Plaintiff   in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss.

**16.**

Defendant has been in possession of sufficient documentation to fully apprise themselves of the actual loss and damage to the Property as a result of Hurricane Ida. Defendant failed to pay Plaintiff   the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than sixty (60) days.

**17.**

Defendant breached its affirmative duties under LSA-R.S. § 22:1973 and § 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**18.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the policy, Plaintiff has   have continued to work with Defendant and its consultants to ensure compliance with Plaintiff's duties under the policy.

**19.**

Defendant's failure to timely pay benefits owed under the policy has placed the Insured Property at risk.

**20.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the policy and has wrongfully or unfairly limited payment on the Plaintiff's claims.

**21.**

Because of Defendant's failure to timely compensate Plaintiff for losses that are clearly covered and owed under the policy, Plaintiff has and/or will incur additional losses and extra expenses, including increased costs of construction.

**22.**

But for Defendant's wrongful conduct, Plaintiff   could have completed repairs and resumed its business operations well prior to the date that the repairs are ultimately completed.

**23.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the policy in connection with Plaintiff's claims.

**24.**

Defendant's acts and omissions in failing to pay Plaintiff the actual amounts owed under the policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**25.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the policy in response to the damage caused by Hurricane Ida, Plaintiff has and/or will continue to sustain additional loss and damage. Plaintiff will continue to incur additional costs and expenses at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

A. **Breach of Insurance Contract**

**26.**

Plaintiff re-alleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**27.**

The policy is an insurance contract between Plaintiff and Defendant that provides coverage for the losses resulting from Hurricane Ida.

**28.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds owed to Plaintiff under the policy.

**29.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

(i) purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii) conducting the investigation and claims in bad faith;

(iii) failing to adequately compensate Plaintiff for the damages to the Insured Property, as required by the policy.

**30.**

Plaintiff has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

**B. Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.**

**31.**

Plaintiff re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**32.**

Pursuant to Louisiana Revised Statute § 22:1892, Defendant was required to unconditionally tender payment to Plaintiff for reasonably undisputed losses caused by Hurricane Ida within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Insured Property. Defendant failed to do so.

**33.**

La. R.S. § 22:1892 further required Defendant to re-evaluate Plaintiff's claims and to tender additional unconditional payments to Plaintiff each time Defendant received additional information concerning the losses sustained by Plaintiff . Defendant failed to do so.

**34.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**35.**

Pursuant to La. R.S. § 22:1892, Defendant is liable to Plaintiff for a penalty equal to fifty percent (50%), in addition to the amount of the loss, on the amount due from Defendant, as well as reasonable attorney's fees and costs, for Defendant's failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss.

**36.**

Pursuant to La. R.S. § 22:1973, Defendant is additionally liable to Plaintiff for actual damages, for Defendant's misrepresentations of pertinent facts concerning the amounts owed, coverages, and provisions under the policy, as well as for failing to unconditionally tender the

amounts owed to Plaintiff within sixty (60) days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

**37.**

Pursuant to La. R.S. § 22:1973, in addition to actual damages for its breaches of the statute, Defendant is also liable to Plaintiff for a penalty of the up to two times the actual damages Plaintiff sustained or five thousand dollars, whichever is greater.

## **DAMAGES**

**38.**

As a result of the actions of Defendant, Plaintiff has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

a. Damages to the buildingsand other structures located at the Insured Property;

b. Mitigation, remediation and repair costs;

c. Diminution in value;

d. Lost and/or damaged business personal property;

e. Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

f. Business loss and extra expenses;

g. Loss of economic opportunities;

h. Any and all other applicable damages covered under any of the applicable coverages afforded under the policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

i. Any and all other consequential damages caused by Defendant' breaches;

j. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

k. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## JURY DEMAND

**39.**

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

**40.**

**WHEREFORE**, Plaintiff, Margaret Blackwell, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, Foremost Insurance Company Grand Rapids, Michigan, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

**Respectfully submitted,**

**PANDIT LAW FIRM, LLC**

**Date:** August 23, 2023

**BY:** **DAVID B. WHEELER**, Bar No. 28468
**RAJAN PANDIT**, Bar No. 32215
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: dwheeler@panditlaw.com

rpandit@panditlaw.com

and

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC**

**MATTHEW M. MIZE**, Bar No. 33993
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone:    (337) 433-0234
Fax:              (337) 433-8595
Email:           mmm@rmwlegal.com


*Counsel for Plaintiff , Margaret Blackwell*


**PLEASE SERVE:**
Foremost Insurance Company Grand Rapids, Michigan
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809